**Jason M. SHOTS, Plaintiff,**

v.

**CSX TRANSPORTATION, INC., Defendant.**

**No. TH 91–125–C R/H.**

United States District Court, S.D. Indiana, Terre Haute Division.

Feb. 10, 1995.

David V. Scott, New Albany, IN, Henry J. Price, Price & Barker, Indianapolis, IN, for Jason M. Shots.

Victor L. Frost, II, Frost & Hugon, Indianapolis, IN, for CSX Transp., Inc.

Peter J. Sacopulos, Sacopulos Johnson Carter & Sacopulos, Terre Haute, IN, for CNA Ins. Co.

## ORDER GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

HUSSMANN, United States Magistrate Judge.

This matter is before the Court on the Defendant's Motion for Protective Order filed February 3, 1995. Plaintiff's Memorandum Pertaining to the Limited Scope of 23 U.S.C., Section 409 was filed on February 6, 1995. The Court, being duly advised, now **GRANTS** the Motion for a Protective Order.

Defendant's Motion for a Protective Order is prompted by plaintiff's Notice of Deposition pertaining to Fed.R.Civ.P. 30(b)(6) depositions of CSX employees. The notice describes the fact that plaintiff's counsel wishes to have documents produced relating to a federally funded project which resulted in the installation of automatic flashing red lights at the intersection where the accident in question took place. Defendant contends that this information is not subject to discovery pursuant to a statutory privilege created at 23 U.S.C. § 409.

23 U.S.C. § 409 is a straightforward federal exclusionary statute. It states:

Notwithstanding any provision of law, reports, surveys, schedules, lists or data compiled for the purpose of identifying, evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings, pursuant to sections 130, 144, and 152 of this title or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds shall not be subject to discovery or admitted into evidence in a federal or state court proceeding or considered for any other purposes in any action for damages arising from any occurrence at a location mentioned in such report, surveys, lists, or data.

■ The statute in its current form specifically prevents discovery of documents pre-

pared for the purpose of identifying, evaluating or planning the safety enhancement of railroad grade crossings. An earlier version of the statute did not specifically use the word "discovery," which led to a split of authority in court rulings as to whether discovery would be permitted.[1] Due to this confusion, Congress took action in late 1991 to make it clear that the proscribed items were not discoverable. In *Harrison v. Burlington Northern R. Co.*, 965 F.2d 155 (7th Cir.1992), the Seventh Circuit reviewed a trial court's rulings preventing the admissibility of 23 U.S.C. § 409 documents that the plaintiff sought to introduce. [The version of the statute reviewed by the Seventh Circuit was the original 1987 version, and not the late–1991 amended version.] In upholding the trial court's rulings, the Seventh Circuit made it clear that 23 U.S.C. § 409 is indeed very expansive in its application. It stated:

> We note that § 409 withdraws the broad latitude of discretion ordinarily allowed judges in evidentiary matters and bars the reception of evidence as it states that the "reports, surveys, schedules, lists, or data" within the statute "shall not be admitted into evidence in Federal or State court or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data." . . .

*Id.*, at 159.

The plaintiff in *Harrison* further argued on appeal that the trial court erred in additionally excluding testimony from the *authors* of the 23 U.S.C. § 409 documents. The Seventh Circuit rejected this argument, adopting the holding of the trial court:

> 409 is, in effect, a congressional direction that if a project conceivably could be financed by federal funds as this one could have been, that in the interest of getting the job done, they don't want official reports being something that railroads have to be concerned about in personal injury cases, or that the investigator has to have that in mind when he is making a re-

port. . . . If [the report is] not admissible, then having somebody get on the stand and testify to it, I don't think I can duck the statute that way.

*Id.*, at 160.

The Seventh Circuit went on to adopt the following language from *Robertson v. Union Pac.R.R.*, 954 F.2d 1433, 1435 (8th Cir.1992):

> Other courts have recognized that the underlying intent of the statute is to "facilitate candor in administrative evaluations of highway safety hazards," and to prohibit federally required record-keeping from being used as a "tool . . . in private litigation."

*Id.*, at 160.

■ Plaintiff argues here that the Court must require the defendant to demonstrate that the information it seeks to exclude from the trier of fact was compiled for the specific purposes enumerated in the statute. In addition, the plaintiff argues that the Court must strictly construe the statute and make sure that any documents for which protection is claimed are in the form of reports, surveys, schedules or lists of data compiled for the statutory purposes.

The defendant has submitted the materials at issue for *in camera* review, and asked for such inspection. The Court has done so. The materials begin with a March 2, 1987, letter from the Indiana Department of Highways engineer to the defendant relaying a request from the City of Vincennes for installation of signals at the subject crossing. That letter specifically provides that "[t]he project will be financed with the aid of Federal funds. . . ." The materials following this letter include correspondence, proposed plans and drawings, photographs and invoices relating to this project. It is undoubtedly unfortunate that the project was not completed until approximately February 1991, but the documents reflect steady progress toward the completion of the project. This Court's *in camera* review shows beyond any doubt that the sole and only purpose for these materials was to identify, evaluate and

---

1. Although some courts did permit discovery, there never was any confusion as to whether the discovered documents would ultimately be ad- missible at trial. The courts were unanimous in holding that such documents were clearly inadmissible.

plan a safety enhancement of a railway highway crossing and that the improvement was paid for by federal funds. All the materials in the file are clearly compiled with that end in mind and fit within the statutory criteria for protection. They are entitled to the privilege provided by statute and need not be produced. As the *Harrison* opinion concluded, defendant is also entitled to a Protective Order under which any witness' testimony about the contents of the file is also protected by the statutory privilege.

**SO ORDERED.**